

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| **UNUM LIFE INSURANCE CO. OF AMERICA** | **CIVIL ACTION NO. 1:09-00063** |
| -vs- | **JUDGE DRELL** |
| **DOUGLAS TAUTENHAHN and WANDA S. TAUTENHAHN** | **MAGISTRATE JUDGE KIRK** |

## R U L I N G

Before the Court are Douglas Tautenhahn's "Joint Motion to Apportion Funds" (Document No. 23) and the "Motion to Determine Amount of Reasonable Attorney's Fees and Costs" filed by Unum Life Insurance Company of America ("Unum") (Document No. 25). The motion for attorney's fees is opposed (Document No. 27), and the Court finds no need for oral argument.

In accordance with 28 U.S.C. § 1335 and Fed. R. Civ. P. 22, Unum filed this interpleader action on January 15, 2009 and admitted liability for $72,000.00 plus the interest thereon under a particular life insurance policy covering Richard E. Tautenhahn, who died on August 9, 2008. (Document No. 1.) Both Douglas Tautenhahn, father of the decedent, and Wanda S. Tautenhahn, former spouse of the decedent, claimed a right to the policy proceeds and were named as interpleader-defendants. It is uncontested that the applicable policy was a Group Life Insurance Plan governed by ERISA, 28 U.S.C. §§ 1001, et seq., such that jurisdiction is proper in this Court. See 28 U.S.C. §§ 1331 and 1335.

The funds were ordered deposited into the Registry of the Court on January 26, 2009 (Document No. 5) and were actually received on February 3, 2009. By joint motion filed July 9, 2010, the parties asked this Court to divide the fund on deposit equally between Douglas Tautenhahn and the Estate of Wanda S. Tautenhahn, less the $4,564.00 claimed by counsel for Unum as attorney's fees and costs. (Document No. 32.) In an Amended Order dated July 12, 2010, the joint motion was granted. (Document No. 33.) Therefore, the only issue remaining for decision is whether the sum claimed by Unum's counsel as attorney's fees and costs is reasonable and should be awarded.

As the Fifth Circuit Court of Appeals has recently reiterated:

> "It is well settled that a district court has the authority to award costs, including reasonable attorney's fees, in interpleader actions." Corrigan Dispatch Co. v. Casa Guzman, S.A., 696 F.2d 359, 364 (5th Cir.1983). Awarding costs is a matter of judicial discretion. Phillips Petroleum Co. v. Hazlewood, 534 F.2d 61, 63 (5th Cir.1976). The following factors are relevant to determining whether to award costs to an interpleader-plaintiff: (1) whether the case is simple; (2) whether the interpleader-plaintiff performed any unique services for the claimants or the court; (3) whether the interpleader-plaintiff acted in good faith and with diligence; (4) whether the services rendered benefited the interpleader-plaintiff; and (5) whether the claimants improperly protracted the proceedings. See 7 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice and Procedure § 1719 (3d ed.2001).

Royal Indem. Co. v. Bates, 307 Fed. Appx. 801, 806 (5th Cir.2009).

Attorney's fees may be denied when the interpleader-plaintiff is not merely a disinterested stakeholder, "but has a substantial controversy with one of the claimants." Hazlewood, 534 F.2d at 63. In the instant case, the record shows Unum simply admitted liability, deposited the funds, and identified the claimants to the fund. There is no

evidence it had any dispute with the interpleader-defendants. Under these circumstances, the Court finds attorney's fees and costs may properly be awarded.

We now turn to the question of whether counsel's fee request is reasonable. If it is not, the Court will use its discretion to calculate a reasonable fee. The Fifth Circuit,

> [U]tilizes the "lodestar method" to calculate attorney[']s fees. Initially, the district court must determine the reasonable number of hours expended on the litigation and the reasonable hourly rate for the participating lawyer. Louisiana Power & Light Co. v. Kellstrom, 50 F.3d 319, 324 (5th Cir.), cert. denied, 516 U.S. 862, 116 S.Ct. 173, 133 L.Ed.2d 113 (1995). The lodestar is then computed by multiplying the number of hours reasonably expended by the reasonable hourly rate. Id. The district court may then adjust the lodestar upward or downward.

Forbush v. J.C. Penney Co., 98 F.3d 817, 821 (5th Cir. 1996).

As noted in Kellstrom, "Adjustment of the lodestar in this Circuit involves the assessment of a dozen factors" identified in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974). Those factors include the following:

> 1) the time and labor required for the litigation; 2) the novelty and complication of the issues; 3) the skill required to properly litigate the issues; 4) whether the attorney had to refuse other work to litigate the case; 5) the attorney's customary fee; 6) whether the fee is fixed or contingent; 7) whether the client or case circumstances imposed any time constraints; 8) the amount involved and the results obtained; 9) the experience, reputation, and ability of the attorneys; 10) whether the case was "undesirable;" 11) the type of attorney-client relationship and whether that relationship was long-standing; and 12) awards made in similar cases.

Kellstrom, 50 F.3d at 329 n. 19 (internal citations omitted).

When analyzing the number of hours expended by Unum's attorneys, the Court should eliminate all time that is "excessive, duplicative, or inadequately documented." Watkins v. Fordice, 7 F.3d 453, 457 (5th Cir.1993). When considering the hourly rate

charged by the attorneys, the Court may adjust the rate such that it is in accordance with the market rates of the forum community. Id. at 458-59.

This Court's review of counsels' itemized expenses shows the hourly rates claimed appear to be in line with the applicable market rates and are reasonable. (Document No. 25, Exhibit B-1.) Likewise, the activities related to preparing the Complaint, reviewing pleadings, complying with court orders, and attending scheduled court conferences are certainly compensable from the fund on deposit.

However, Lauen Welch itemizes $900.00 in fees regarding review of the file, preparation of Jen Farley and Kieren Shields (Unum's employees) for their telephone depositions, and attendance at those depositions in June 2009. Similarly, Hilliard Kelly enumerates fees totalling $720.00 to prepare for and attend the deposition of Shelby Bohannon in June 2009. Applying the jurisprudential factors noted above, we find these expenses are not reasonably related to the substance of this action, which is the interpleader. The case is simple. Unum admitted liability from the beginning, identified the claimants to the fund, and deposited the full amount at issue into the Registry of the Court. There is no evidence of any dispute on Unum's part regarding the fund or any claims related to it, and counsels' work regarding these depositions did not provide any unique services for the claimants or for the Court. Under these circumstances, attendance at the depositions and the related charges, as set forth above, totalling $1,620.00 are not reasonably compensable from the fund on deposit.

The remaining claimed fees of $2,944.00 are properly charged and will be awarded by way of a separate Order. As to the overcharge, the Court notes the interpleader-

defendants agreed to divide the balance of the fund equally, and there is no reason to believe division of the $1,620.00 should be handled any differently. Accordingly,

The "Motion to Determine Amount of Reasonable Attorney's Fees and Costs" (Document No. 25) will be GRANTED IN PART and DENIED IN PART, such that the Clerk of Court will be ordered to draw checks on the funds on deposit in the Registry of this Court in the following amounts: (1) $2,944.00 payable to McCranie, Sistrunk, Anzelmo, Hardy & McDaniel, PC on behalf of Unum Life Insurance Company; (2) One-half (½) of the remaining $1,620.00 including all accrued interest earned and less any assessment fee for the administration of the fund, payable to Bolen, Parker, Brenner & Lee, Ltd., A Professional Law Corporation, on behalf of Douglas Tautenhahn; and (3) One-half (½) of the remaining $1,620.00 including all accrued interest earned and less any assessment fee for the administration of the fund, payable to the Estate of Wanda S. "Corley" Tautenhahn and Gregory N. Wampler of Henry H. Lemoine, Jr., Inc., d/b/a "Lemoine & Wampler."

Considering this and the other dispositions previously made, the "Joint Motion to Apportion Funds" (Document No. 23) will be DENIED AS MOOT.

SIGNED on this 10th day of September, 2010 at Alexandria, Louisiana.

DEE D. DRELL
UNITED STATES DISTRICT JUDGE